1  C. Brandon Wisoff (State Bar No. 121930)
   bwisoff@fbm.com
2  Eric D. Monek Anderson (State Bar No. 320934)
   emonekanderson@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, California 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  Maeve L. O'Connor (*pro hac vice* application forthcoming)
   Elliot Greenfield (*pro hac vice* application forthcoming)
7  Debevoise & Plimpton LLP
   919 Third Avenue
8  New York, New York  10022
   Telephone: 212.909.6000
9  Email: mloconnor@debevoise.com
   Email: egreenfield@debevoise.com
10

11 Attorneys for Defendants
   ROBINHOOD MARKETS, INC.;
   ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES, LLC
12

13                    **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15                      **SAN FRANCISCO DIVISION**

16

17 STANLEY WITHOUSKI, Individually and        Case No.:    3:20-cv-3550
   On Behalf of All Others Similarly Situated,
18                                             **NOTICE OF REMOVAL**
                 Plaintiff,
19                                             **CLASS ACTION**
          vs.
20
   ROBINHOOD MARKETS, INC.;
21 ROBINHOOD FINANCIAL LLC;
   ROBINHOOD SECURITIES, LLC and Does
22 1 through 20, inclusive,

23               Defendants.

24

25

26

27

28

Farella Braun +
Martel LLP

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF STANLEY WITHOUSKI AND HIS COUNSEL OF RECORD:**

Pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 and 15 U.S.C. §§ 77p and 78bb, Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC (collectively, "Defendants") hereby remove to this Court the above-captioned action from the Superior Court of the State of California for the County of San Mateo, based on the following grounds:

**I.       PROCEDURAL HISTORY**

1.       Plaintiff Stanley Withouski filed this action, entitled *Withouski et al. v. Robinhood Markets, Inc., Robinhood Financial LLC, Robinhood Securities, LLC, and Does 1 through 20*, Case No. 20-CIV-01730, as a putative class action in the Superior Court of the State of California for the County of San Mateo.

2.       Defendants were served with the summons and complaint on April 28, 2020. Copies of all process, pleadings and orders served on Defendants are attached as **Exhibit A**.

3.       This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (clarifying that receipt "through service or otherwise" means formal service and not merely receipt of a courtesy copy of the complaint).

4.       Copies of this Notice of Removal will promptly be filed with the Clerk of the Superior Court of the State of California for the County of San Mateo and served on Plaintiff's counsel of record pursuant to 28 U.S.C. § 1446(d).

5.       This case may properly be removed to this United States District Court pursuant to 28 U.S.C. § 1446.  The Superior Court for the State of California for the County of San Mateo is located within the jurisdiction of the United States District Court for the Northern District of California.  Furthermore, under Local Rule 3-2(d), the San Francisco Division is the proper

1  division of this Court because Plaintiff filed his action in San Mateo County Superior Court

2  alleging that his claims arose in whole or part in that County.

3  **II.      REMOVAL IS PROPER UNDER SLUSA.**

4        6.      This case is being removed pursuant to the Securities Litigation Uniform Standards

5  Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 12 Stat. 3227.  SLUSA precludes class actions,

6  such as this one, that assert state law claims based on alleged misrepresentations or omissions

7  made in connection with the purchase or sale of covered securities.  By doing so, SLUSA prevents

8  plaintiffs from avoiding the stricter pleading requirements and procedural protections mandated by

9  the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, and courts are directed to

10  construe SLUSA broadly.  *See Merrill Lynch, Pierce, Fenner, & Smith Inc. v. Dabit*, 547 U.S. 71,

11  86 (2006).

12        7.      SLUSA's state claim preclusion provision states:

13        No covered class action based upon the statutory or common law of any State or
          subdivision thereof may be maintained in any State or Federal court by any
14        private party alleging--
          (A) a misrepresentation or omission of a material fact in connection with the
15        purchase or sale of a covered security; or
          (B) that the defendant used or employed any manipulative or deceptive device or
16        contrivance in connection with the purchase or sale of a covered security.

17  15 U.S.C. § 78bb(f)(1); *see also* 15 U.S.C. § 77p(b).

18
19        8.      SLUSA expressly provides for the removal of any precluded state law class action.

20  SLUSA's removal provision states:  "Any covered class action brought in any State court

21  involving a covered security, as set forth in paragraph (1), shall be removable to the Federal

22  district court for the district in which the action is pending, and shall be subject to paragraph (1)."

23  15 U.S.C. § 78bb(f)(2); *see also* 15 U.S.C. § 77p(c).

24        9.      Thus, SLUSA allows removal of any class action that:  (1) is a "covered class

25  action"; (2) asserts claims under state statutory or common law; and (3) is based on alleged

26  misrepresentations or omissions made in connection with the purchase or sale of "covered

27  securities."  15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2); *see also Madden v. Cowen & Co.*, 576 F.3d

28  957, 964 (9th Cir. 2009).

10.     There are no applicable exceptions to SLUSA preclusion and removal.  *See* 15 U.S.C. § 78bb(f)(3).

**A.     This Case Constitutes a Covered Class Action.**

11.     This case is a "covered class action," within the meaning of 15 U.S.C. § 78bb(f)(5)(B), because (i) damages are sought on behalf of more than 50 persons or prospective class members, and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members, and (ii) Plaintiff seeks to recover damages on a representative basis on behalf of himself and other unnamed parties similarly situated, and Plaintiff alleges that questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.  (Compl. ¶¶ 1, 24, 37, 39.)

**B.     Plaintiff Asserts Claims Based on State Statutory and Common Law.**

12.     Plaintiff's claims are based on state statutory and common law, specifically: (i) declaratory relief; (ii) negligence; (iii) breach of fiduciary duty; (iv) breach of contract; (v) breach of the implied covenant of good faith and fair dealing; (vi) unjust enrichment; (vii) violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; and (viii) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  (Compl. ¶¶ 40-84.)

**C.     Plaintiff's Claims Are Based on Alleged Misrepresentations or Omissions in Connection with the Purchase or Sale of Covered Securities.**

13.     Plaintiff's claims are based on allegations of misrepresentations and omissions in connection with the purchase or sale of covered securities.  In determining whether a claim is based on a misrepresentation, courts look to whether "deceptive statements or conduct form the gravamen or essence of the claim" instead of applying a formalistic approach.  *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115 (9th Cir. 2013).  "In determining whether the SLUSA bar applies, substance governs over form." *Fleming v. Charles Schwab Corp.*, 878 F.3d 1146,

1153 (9th Cir. 2017) (affirming dismissal of precluded state law class action asserting breach of

fiduciary duty, unjust enrichment and Unfair Competition Law claims).

      14.     Here, the gravamen of Plaintiff's claims is that Defendants allegedly

misrepresented the capabilities of the Robinhood securities trading platform to customers and

failed to disclose its limitations and the possibility of outages.  (Compl. ¶¶ 40-84.)  Plaintiff

alleges, among other things, that:

- Defendants failed to "properly disclose the risks of outages and the occurrences of past outages" (Compl. ¶¶ 55, 59, 64, 68, 82);

- Defendants' "acts and practices constitute representations that the services have characteristics, uses or benefits, which they do not," and "representations that the services are of a particular quality, which they are not" (Compl. ¶ 73); and

- Defendants "represented that their services were exceptionally fast and that trades were made in real-time, while also concealing the real risk that the service has and would suffer outages that prevent customers from making trades and accessing their accounts" (Compl. ¶ 79).

      15.     Defendants' alleged representations regarding their ability to execute securities

trades satisfy SLUSA's requirement that the conduct be "in connection with" the purchase or sale

of "covered securities."  The Supreme Court "has read SLUSA's 'in connection with' requirement

broadly, finding it satisfied if misrepresentations simply 'coincide with a securities transaction.'"

*Fleming*, 878 F.3d at 1155 (quoting *Dabit*, 547 U.S. at 83) (holding that SLUSA precluded state

law claims relating to a broker's "false promise of best execution").  The alleged

misrepresentations need only "have more than some tangential relation to the securities

transaction," *Freeman*, 704 F.3d at 1116 (internal quotations omitted), and they "need not relate to

the investment value of the securities themselves."  *Fleming*, 878 F.3d at 1156; *see also*

*Chadbourne & Park LLP v. Troice*, 571 U.S. 377, 387 (2014) (SLUSA's "in connection with"

prong extends to "misrepresentations that are material to the purchase or sale of a covered

security").  The Ninth Circuit has referred to the "in connection with" requirement as a "slim

hurdle." *Fleming*, 878 F.3d at 1156.

16.     Plaintiff's allegations cover conduct in connection with the purchase or sale of covered securities because a broker-dealer's alleged representations about its ability to execute trades "are material to the client's decision to trade."  *Fleming*, 878 F.3d at 1156 (noting plaintiff's allegation that he "missed opportunities to profit when [his] trades failed to be executed or failed to obtain the best price improvement.").  Plaintiff alleges that Defendants misled customers about the Robinhood trading platform and the possibility of outages, and he claims that the outage on March 2 and 3 prevented customers from "performing actions on the platform, including making trades."  (Comp. ¶¶ 28-29.)

17.     A "covered security" is a security that is "traded nationally and listed on a regulated national exchange."  *Dabit*, 547 U.S. at 83; *see also* 15 U.S.C. § 77r(b)(1).  The Robinhood platform allows customers to trade, among other things, stocks, options and exchange-traded funds that are traded nationally and listed on a regulated national exchange.  (Compl. ¶ 17.)

## III.     CONCLUSION

18.     For the reasons set forth herein, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453 and 15 U.S.C. §§ 77p and 78bb, this action may be removed to this Federal District Court.

**WHEREFORE**, Defendants request that this action be brought to this Court, and that this Court make and enter such further orders as may be necessary and proper.

Dated:  May 27, 2020             FARELLA BRAUN + MARTEL LLP


By:   /s/ C. Brandon Wisoff
         C. Brandon Wisoff

Attorneys for Defendants
ROROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL LLC;
ROBINHOOD SECURITIES, LLC

# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROBINHOOD FINANCIAL LLC, ROBINHOOD MARKETS, INC., ROBINHOOD SECURITIES, LLC, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STANLEY WITHOUSKI, individually and on behalf of all others similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California, County of San Mateo
ON **4/20/2020**
By **/s/ Mia Marlowe**
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* **20-CIV-01730** |

Superior Court of California, County of San Mateo
400 County Center, Fourth Floor, Redwood City, CA 94063-1655

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BOTTINI & BOTTINI, INC., 7817 Ivanhoe Avenue, Suite 102, La Jolla, CA 92037

| DATE:<br>*(Fecha)* | **4/20/2020** | Clerk, by<br>*(Secretario)* | **Neal I. Taniguchi /s/ Mia Marlowe** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* ROBINHOOD MARKETS, INC.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1


[SEAL]



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| **FILED**<br>SAN MATEO COUNTY<br><br>APR 2 4 2020<br><br>Clerk of the Superior Court<br>By _____<br>**DEPUTY CLERK** |

PLAINTIFF: **STANLEY WITHOUSKI**

DEFENDANT: **ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES, LLC; ROBINHOOD MARKETS, INC.; DOES 1 THROUGH 20**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES, DESIGNATION AS COMPLEX CASE, SETTING OF CASE MANAGEMENT CONFERENCE AND COMPLEX FEES DUE**

CASE NUMBER:
**20-CIV-01730**

This case has been filed by Plaintiff(s) as a putative class action.  By Standing Order 18-148 of the Presiding Judge, pursuant to California Rules of Court 3.400 and 3.403, this action is automatically deemed a "complex case" and assigned for all purposes to the Court's Complex Civil Litigation Judge, **the Honorable Marie S. Weiner, Department 2**, located at 400 County Center, Courtroom 2E, Redwood City, California 94063, (650) 261-5102.

The parties or their attorneys of record must appear for a Case Management Conference in Department 2 on **7/27/2020 at 9:00 a.m.**

**Pursuant to Government Code Section 70616(a), the complex case fee and the first appearance fee must be paid at the time of filing of the first paper in this complex case (Govt.C. 70616(b) and (d)).**

Plaintiff(s) pay a single complex case fee of $1,000 on behalf of all plaintiffs, whether filing separately or jointly.

Defendant(s) pay a complex case fee of $1,000 each on behalf of each defendant, intervenor, respondent, or adverse party, whether filing separately or jointly, at the time that party files its first paper in this case, not to exceed $18,000 total.

PLAINTIFF(S) IS/ARE REQUIRED TO SERVE A COPY OF THIS NOTICE ON ALL OTHER PARTIES TO THIS ACTION OR PROCEEDING, and promptly file proof of service.

Date: 4/24/2020                                        Neal I Taniguchi, Court Executive Officer/Clerk


**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by personally delivering a copy of this Notice to the Plaintiff or designee at 400 County Center, Redwood City, California.

Date: 4/24/2020                        By: _____

                                        Wai Lee, Courtroom Clerk

20--CIV--01730
CACN
Class Action Complex Notice
2308646

Electronically
**FILED**
by Superior Court of California, County of San Mateo

ON      4/20/2020

By_____ **/s/ Mia Marlowe**
Deputy Clerk

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
 fbottini@bottinilaw.com
Albert Y. Chang (SBN 296065)
 achang@bottinilaw.com
Yury A. Kolesnikov (SBN 271173)
 ykolesnikov@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:   (858) 914-2002

*Attorneys for Plaintiff and the Class*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| STANLEY WITHOUSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROBINHOOD FINANCIAL LLC, ROBINHOOD MARKETS, INC., ROBINHOOD SECURITIES, LLC, and DOES 1 through 20,<br><br>Defendants. | Case No. _____ 20-CIV-01730<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1.     Plaintiff Stanley Withouski ("Plaintiff"), on behalf of himself and all other similarly situated California residents (the "Class," as defined in paragraph 37 below), files this complaint against Robinhood Financial LLC ("Robinhood Financial") Robinhood Securities, LLC ("Robinhood Securities"), and their parent company, Robinhood Markets, Inc. ("Robinhood Markets") (together, "Robinhood") for, among other things, negligence, breach of contract, breach of fiduciary duty, and violations of the Consumer Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL"). In support of these claims, Plaintiff alleges the following (a) upon personal knowledge with respect to the matters pertaining to himself; and (b) upon information and belief with respect to all other matters, based upon, among other things, the investigations undertaken by his counsel.  Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth below after a reasonable opportunity for discovery.

## I.    INTRODUCTION

2.     This class action seeks equitable relief against Robinhood and damages sustained by Plaintiff and all other Robinhood customers residing in the State of California (*i.e.,* California citizens) as a result of Robinhood's system crashes on March 2 and 3, 2020 (the "Outages").

3.     Proclaiming to be "a pioneer of commission-free investing," Robinhood is a seven-year-old online brokerage firm that allows customers to use its website, application ("app"), and telephone help center to trade stocks, options, exchange-traded funds, and cryptocurrency.  To attract customers, Robinhood touts its "[e]xceptionally engineered systems" and "[s]implicity."  By advertising its "commission-free" feature, Robinhood has declared "a mission to democratize our financial system":

### Individual participation in equity markets

The stock market is one of the best available tools for individual wealth creation, generating annual returns of around 10% over the past

century. ***Our mission is to empower this new generation to take greater ownership in their financial future, which we believe can help shrink the gap between the "haves" and the "have nots" and lead to a healthier, more robust global economy.***

4.    But fundamental defects in Robinhood's capabilities and trading platform were revealed on March 2 and 3, 2020, when Robinhood's system Outages prevented customers from logging in, trading, or accessing their accounts as stock markets surged. These complete service Outages were devastating to the customers who planned to make trades during one of the largest market surges of all time.

5.    The extended Outages lasted the entire day of March 2, 2020, and for part of the day on March 3, 2020.  The timing was damaging to Robinhood's customers because they were denied access to their accounts and Robinhood's trading platform, and were thus unable to make trades while the markets gained a record $1.1 trillion. Robinhood's Outages prevented its customers from reaping the benefits of a 5.1% rally in the Dow Jones Industrial Average.

6.    Plaintiff and the Class were damaged because they were prevented from using their accounts, including making planned trades or exercising options, which would have been lucrative given the market conditions on March 2 and 3, 2020.

7.    Following the Outages, Robinhood's Co-CEOs stated that "the cause of the outage was stress on our infrastructure — which struggled with unprecedented load. That in turn led to a 'thundering herd' effect — triggering a failure of our [domain name system]."

8.    Robinhood continued apologizing to its users: "When it comes to your money, issues like this are not acceptable.  We realize we let you down, and our team is committed to improving your experience."

9.    By this action, Plaintiff and Class members seek to recover the damages caused by Robinhood's Outages, as well as equitable relief.

///

- 3 -
Class Action Complaint

1

## II.    JURISDICTION AND VENUE

2        10.    The Court has subject-matter jurisdiction over this action pursuant to the

3   California Constitution, Article VI, Section 10, because this action is a cause not given by

4   statute to other trial courts.

5        11.    This Court has personal jurisdiction over defendants because each

6   defendant maintains substantial contacts with California through their operations, and

7   because Plaintiff's injuries arose out of and relate to defendants' operations in

8   California, and because Plaintiff has been harmed by defendants' torts in California.

9        12.    Venue is proper in San Mateo County pursuant to Section 395.5 of the

10   California Code of Civil Procedure because defendants are corporations or associations

11   headquartered in San Mateo County, and because a substantial portion of the injuries

12   giving rise to defendants' liability occurred in San Mateo County.

13        13.    This action is not removable because federal courts lack subject-matter

14   jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28

15   U.S.C. § 1332(d).

16        14.    At the outset, CAFA is inapplicable because there is no minimal diversity

17   between Plaintiff and defendants under Section 1332(d)(2)(A).  Plaintiff is a citizen of

18   California.  So is each of the defendants.  The fact that defendants are dual citizens of

19   Delaware and California does not give rise to "minimal diversity under CAFA." *See, e.g.,*

20   *Marroquin v. Fargo*, No. 11cv0163-L (BLM), 2011 U.S. Dist. LEXIS 10510, at *5 (S.D.

21   Cal. Feb. 3, 2011) (citing *Johnson v. Advance Am.*, 549 F.3d 932, 935–36 (4th Cir.

22   2008)); *accord Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1344–45 (11th Cir. 2017)

23   (rejecting defendant's attempt to satisfy CAFA's minimal-diversity requirement by

24   relying on its dual citizenship); *In re Hannaford Bros. Co. Customer Data Sec. Breach*

25   *Litig.*, 564 F.3d 75, 78 n.2 (1st Cir. 2009) (same).

26        15.    Moreover, CAFA's mandatory home-state exception precludes federal

27

28

- 4 -

courts from exercising jurisdiction over this action because (a) as defined in paragraph 37 below, all of the Class members are California citizens; and (b) all defendants are citizens of California. *See* 28 U.S.C. § 1332(d)(4) ("A district court shall decline to exercise jurisdiction under paragraph (2) — over a class action in which … two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.").

## III.   THE PARTIES

**A.     Plaintiff Withouski**

16.     Plaintiff Stanley Withouski is a Robinhood customer and regularly uses its platform.  Plaintiff is a citizen of California and resides in San Francisco County, California.  On March 2 and 3, 2020, Plaintiff attempted to make trades on Robinhood's platform, but was denied access to his account due to the Outages.

**B.     The Robinhood Defendants**

17.     Defendant Robinhood Markets, Inc. is a financial-services company organized under Delaware law and headquartered in Menlo Park, California. Robinhood Markets provides an online platform for customers to trade stocks, options, exchange-traded funds, and cryptocurrency.  Robinhood Markets is a citizen of California and Delaware.

18.     Defendants Robinhood Financial LLC and Robinhood Securities, LLC are both organized under Delaware law and are wholly-owned subsidiaries of Robinhood Markets.  Robinhood Financial maintains an address in Menlo Park, California. Robinhood Securities maintain an address in Lake Mary, Florida.  Because the nerve center of Robinhood Financial and Robinhood Securities is in Menlo Park, they are both citizens of California and Delaware.

19.     All three Robinhood entities are collectively referred to as "Defendants." The terms "Robinhood" and "the Company" are sometimes used to refer to all three

Defendants collectively.

## C.     The Doe Defendants

20.     Except as described herein, Plaintiff is ignorant of the true names of defendants sued as Does 1 through 20 inclusive and, therefore, sues these defendants by such fictitious names.  Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when they are ascertained.  Plaintiff alleges that each of these Doe defendants is responsible in some manner for the acts and occurrences alleged herein, and that Plaintiff's damages were caused by such Doe defendants.

21.     Defendants and the Doe defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes, and transactions that are the subject of this complaint.

22.     At all relevant times, each Defendant was and is the agent of each of the remaining Doe defendants, and in committing the acts alleged herein, was acting within the course and scope of such agency.  Each Defendant ratified or authorized the wrongful acts of each of the other Doe defendants.

## IV.     FACTUAL ALLEGATIONS

## A.     Robinhood's Online Platform

23.     Founded in 2013, Robinhood is a broker-dealer registered with the U.S. Securities and Exchange Commission and is a member of the Securities Investor Protection Corporation.  Robinhood provides a platform for customers to use its website, app, and telephone help center to trade stocks, options, exchange-traded funds, and cryptocurrency.  Robinhood is a self-proclaimed "pioneer of commission-free investing."

24.     Robinhood operates entirely online — with no brick-and-mortar offices for customer visits.  Robinhood maintains a website, a telephone help center, and mobile

1    apps for iPhone, Apple Watch, and Android.  Today, Robinhood has over 10 million

2    customers who use its platform.

3         25.    Robinhood advertises itself as a high-tech company with "[e]xceptionally

4    engineered systems" that allow customers to trade "in [r]eal [t]ime" and with

5    "[s]implicity."  On its website, Robinhood boasts that its accounts allow customers

6    reliable access, through which customers can: "Learn As You Grow," "Manage Your

7    Portfolio," and "Keep Tabs on Your Money."

8         26.    Robinhood claims to be "a core part of the mobile finance tools upon

9    which the next generation will rely."  Robinhood promotes its online, "technology-

10   driven" brokerage, as state of the art and exceptionally fast.  To that end, Robinhood

11   claims that its "low-latency trading systems" provide the "best possible trade execution"

12   for customers:

> In the stock market, ***a fraction of a second*** can mean the
> difference between a profit and a loss. ***Our team has built low-latency
> trading systems used by some of the world's largest financial
> institutions***, and we're bringing that expertise to Robinhood.  As a
> Robinhood customer, your self-directed orders will receive the ***best
> possible trade execution***.

17        27.    As a broker-dealer and provider of trading services, Defendants had a duty

18   to develop, design, test, and monitor their services.  Defendants also had a duty to create

19   and maintain a written business continuity plan identifying procedures relating to an

20   emergency or significant business disruption.  Such procedures must be reasonably

21   designed to enable Robinhood to meet its existing obligations to customers during an

22   emergency, such as a system crash or an outage.

**B.    Massive System-Wide Outages in March 2020**

23        28.    On March 2, 2020, Robinhood suffered a systemwide, all-day Outage

24   during the largest daily point gain in the Dow Jones' history.  Robinhood customers

25   were prevented from logging into their accounts, accessing their money or information,

26   and performing actions on the platform, including making trades and viewing their

1 | accounts.

2 |      29.    On March 3, 2020, Robinhood suffered another Outage, where customers
3 | were prevented from logging into their accounts, accessing their money or information,
4 | and performing actions on the platform, including making trades and viewing their
5 | accounts.

6 |      30.    On information and belief, the Outages were the result of Defendants'
7 | defective and unstable infrastructure, which deficiencies were compounded by a coding
8 | error regarding leap-year handling.

9 |      31.    Robinhood attributed the March 2, 2020, Outage to "stress on our
10 | infrastructure — which struggled with unprecedented load. That in turn led to a
11 | 'thundering herd' effect — triggering a failure of our [a]system."

12 |      32.    Robinhood attributed the March 3, 2020 Outage to what it called
13 | "instability in the part of its infrastructure that allows the company's systems to
14 | communicate with each other." Defendants knew or should have known of the problems
15 | and deficiencies in Robinhood's infrastructure and trading platform prior to the Outages
16 | and should have taken steps to remedy the defects prior to the Outages, but failed to do
17 | so.

18 |      33.    After the Outages were over, Robinhood sent a letter to its customers, in
19 | which its co-founders and Co-CEOs stated:

20 |           When it comes to your money, we know how important it is for you
21 | to have answers.  The outages you have experienced over the last two days are not acceptable and we want to share an update on the current situation.

22 |           Our team has spent the last two days evaluating and addressing this
23 | issue.  We worked as quickly as possible to restore service, but it took us a while.  Too long.  We now understand the cause of the outage was stress on
24 | our infrastructure—which struggled with unprecedented load.  That in turn led to a "thundering herd" effect — triggering a failure of our [domain name
25 | system]."

26 |           Multiple factors contributed to the unprecedented load that
    ultimately led to the outages.  The factors included, among others, highly

27 |

28 |

volatile and historic market conditions; record volume; and record account sign-ups.

Our team is continuing to work to improve the resilience of our infrastructure to meet the heightened load we have been experiencing. We're simultaneously working to reduce the interdependencies in our overall infrastructure.  We're also investing in additional redundancies in our infrastructure.

After a brief outage this morning, our trading platform was stable for the remainder of the day.  As our engineering team works to upgrade our infrastructure, we may experience additional brief outages, but we're now better positioned to more quickly resolve them.

We take our responsibility to you and your money seriously.  We recognize that many of you have questions, and we're working to respond to them as quickly as possible.

Many of you depend on Robinhood for your investments, and we're personally committed to doing all we can to operate a stable service that's available when you need it the most.

**C.      The Damages to Plaintiff and the Class**

34.      The Outages could not have happened at a worse time because Robinhood customers were denied access to their accounts and prevented from trading on March 2 and 3, 2020 — when the Dow Jones Industrial Average enjoyed the single biggest point gain since 2009.  Robinhood customers were forced to stand idly by while the market gained a record $1.1 trillion.  Robinhood customers were deprived of a golden opportunity to trade "real time" — as Robinhood advertised.

35.      Plaintiff was injured by the Outages because he was prevented from selling options on March 2 and 3, 2020.  Likewise, numerous other customers suffered similar losses.

36.      Customers who attempted to contact Robinhood during the Outages were unable to, or Robinhood failed to respond to requests for assistance.  Robinhood customers were left with no recourse during the Outages.  Customers were forced to simply sit and wait for Robinhood to reestablish the services while investors on other platforms traded in the historic market rally.

# V.    CLASS ALLEGATIONS

37.    Plaintiff brings this action as a class action, pursuant to Section 382 of the California Code of Civil Procedure, on behalf of a Class of California citizens only, defined as follows:

> All Robinhood customers who reside in the State of California.

38.    Excluded from the Class are Robinhood and any entity in which Robinhood has a controlling interest, as well as Robinhood's officers, directors, and employees, and their legal representatives, heirs, successors, or assigns.

39.    This action is properly maintainable as a class action because:

a.    The Class is so numerous that joinder of all members is impracticable.  There are millions of Robinhood customers using its services.

b.    There are questions of law and fact that are common to the Class including (i) whether defendants have violated various laws; (ii) engaged in deceptive conduct; (iii) whether defendants were negligent; and (iv) whether the Class is entitled to damages, as a result of defendants' wrongful conduct.

c.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.

d.    The claims of Plaintiff are typical of the claims of other members of the Class and Plaintiff has the same interests as the other Class members.  Plaintiff will fairly and adequately represent the Class.

e.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for defendants, or

adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

f.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## VI.   CAUSES OF ACTION

### COUNT I
### Declaratory Relief

40.   Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

41.   An actual controversy has arisen and now exists between Plaintiff and defendants.  As described above, Plaintiff contends that defendants' conduct violated certain rights and duties.

42.   A judicial determination of these issues and of the respective rights and duties of Plaintiff and defendants is necessary and appropriate at this time under the circumstances, including, but not limited to, a determination of any question of interpretation and validity of the written agreements between the parties, and defendants' attempts to limit liability.

43.   Plaintiff seeks a judicial determination of the duties defendants owe to Robinhood's customers, defendants' duties to operate reliable services, avoid outages, and defendants' duties to handle emergencies or system crashes.

44.     Plaintiff seeks a judicial determination of the rights of Plaintiff and the Class under the circumstances alleged herein.

**COUNT II**
**Negligence**

45.     Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

46.     Defendants knew or should have known of the likelihood of system-wide outages, particularly on days in which trading volumes would be high.

47.     Defendants had a duty to develop, design, test, and monitor their services. Defendants had a duty to create and maintain a written business continuity plan identifying procedures relating to an emergency or significant business disruption. Such procedures must be reasonably designed to enable the Company to meet its existing obligations to customers.  Defendants failed to create an adequate plan to fulfill their duties.

48.     Defendants had a duty to, *inter alia*, prevent outages, and prevent reasonably foreseeable harm that could have resulted from the outages.

49.     Defendants breached their duties by failing to create an adequate emergency plan, failing to prevent the outages, failing to notify Plaintiff and the Class of the possibility of the outages, and failing to act on the information and warnings from prior outages.

50.      Defendants' individual and collective acts and omissions were actual, substantial causes of Plaintiff's injuries and damages described herein because Plaintiff's injuries would not have happened, but for defendants' breaches.

51.     Defendants' conduct amounted to gross negligence where they breached their duties by failing to (a) create an adequate emergency plan; (b) prevent the outages; (c) notify Plaintiff and the Class of the possibility of the outages; and (d) act on the information and warnings from prior outages while defendants knew, or should have

known, that their breaches were likely to inflict damages upon Robinhood's customers. Defendants' conduct constitutes gross negligence where the outages were a result of large trading volume or for the failure to account for the leap year, or both.  Any outages as a result of either incident constitute extreme departures from the ordinary standard of care.

52.     As a direct and proximate result of defendants' acts and omissions, Plaintiff and the Class sustained damages as set forth herein.

## COUNT III
### Breach of Fiduciary Duty

53.     Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

54.     Defendants as brokers owe a fiduciary duty to their customers, including Plaintiff and the Class.  Plaintiff and the Class are customers of defendants and they trusted defendants to provide the services the defendants advertised and promised.

55.     Defendants breached their fiduciary duty arising from the relationship between them and Plaintiff and the Class by, among other things, failing to (a) provide the services promised; (b) maintain an adequate emergency plan; and (c) properly disclose the risks of outages and the occurrences of past outages.

56.     Defendants' breaches of their fiduciary duties directly and proximately caused damage to Plaintiff and the Class members.

## COUNT IV
### Breach of Contract

57.     Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

58.     Plaintiff and other Class members entered into a Customer Agreement with defendants.

59.     Defendants breached their Customer Agreements by, among other things,

failing to (a) provide the services promised; (b) maintain an adequate emergency plan; and (c) properly disclose the risks of outages and the occurrences of past outages.

60.    Defendants' breaches of the Customer Agreement directly and proximately caused damage to Plaintiff and the Class members.

**COUNT V**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

61.    Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

62.    There is a covenant of good faith and fair dealing implied in every contract. This implied covenant requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. To fulfill its covenant, a party must give at least as much consideration to the interests of the other party as it gives to its own interests.

63.    Plaintiff and the Class have fulfilled their obligations under the Customer Agreement and complied with their implied covenant of good faith and fair dealing by adhering to the terms of the Customer Agreement.

64.    Defendants, however, breached the implied covenant of good faith and fair dealing by, among other things, failing to (a) provide the services promised; (b) maintain an adequate emergency plan; and (c) properly disclose the risks of outages and the occurrences of past outages.

65.    Defendants' breaches of the implied covenant of good faith and fair dealing directly and proximately caused damage to Plaintiff and the Class members.

**Count VI**
**Unjust Enrichment**

66.    Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth herein.

67.    Defendants have benefited and profited from Plaintiff's and other Class

- 14 -
Class Action Complaint

1  members' use of their platform.

2      68.    Defendants, however, failed to provide Plaintiff and other Class members

3  the services they reasonably expected from the platform because defendants failed to,

4  among other things, (a) provide the services promised; (b) maintain an adequate

5  emergency plan; and (c) properly disclose the risks of outages and the occurrences of

6  past outages.

7      69.    Defendants have therefore been unjustly enriched by their retention of the

8  benefits and profits at the expense of Plaintiff and other Class members.  Equity and

9  justice require that defendants disgorge the benefits and profits.

10     70.    Plaintiff seeks an order directing defendants to disgorge these benefits and

11 profits and pay restitution to Plaintiff and other Class members.

**COUNT VII**
**Violations of the CLRA**

12

13     71.    Plaintiff repeats and incorporates by reference each and every allegation

14 set forth above, as though fully set forth herein.

15     72.    The acts and practices of defendants as described above were intended to

16 deceive Plaintiff and the Class as described herein and have resulted in harm to Plaintiff

17 and the Class.

18     73.    The actions violated and continue to violate the CLRA, CAL. CIV. CODE

19 §§ 1750, *et seq.*, in at least the following aspects:

20          a.    In violation of Section 1770(a)(5), defendants' acts and practices

21                constitute representations that the services have characteristics, uses

22                or benefits, which they do not.

23          b.    In violation of Section 1770(a)(7), defendants' acts and practices

24                constitute representations that the services are of a particular

25                quality, which they are not.

26     74.    By committing the acts alleged above, defendants have violated the CLRA.

27

- 15 -
Class Action Complaint

28

75.     Pursuant to Section 1780(a), Plaintiff and the Class are entitled to an order enjoining the above-described wrongful acts and practices of defendants, restitution, an order awarding the payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under Section 1780.

**COUNT VIII**
**Violation of the UCL**

76.     Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

77.     California's UCL, CAL. BUS. & PROF. CODE §§ 17200, *et seq.*, is designed to protect consumers from unlawful, unfair, or fraudulent business acts or practices, including the use of any deception, fraud, false pretense, misrepresentation, or the concealment, suppression, or omission of any material fact.

78.     Defendants have engaged, and continue to engage, in unfair business practices with regard to their services, as alleged herein.  Defendants' conduct is not outweighed by any countervailing benefits to consumers.

79.     Defendants' conduct is "fraudulent" under the meaning of the UCL because defendants represented that their services were exceptionally fast and that trades were made in real-time, while also concealing the real risk that the service has and would suffer outages that prevent customers from making trades and accessing their accounts.

80.     Defendants' conduct and the harm it caused, and continues to cause, is not reasonably avoidable by Plaintiff and the Class.  Defendants knew or had reason to know that Plaintiff and the Class could not have reasonably known or discovered the existence of the service problems and outages before the outages took place.

81.     Had Plaintiff and the Class members known that Robinhood's platform suffered outages where customers could be denied access to their accounts or be prevented from making trades, they would not have registered for or used Robinhood's

- 16 -
Class Action Complaint

services.

82.     Defendants' conduct is unlawful because they violated, among other things, the common law and the CLRA by failing to (a) provide the services promised; (b) maintain an adequate emergency plan; and (c) properly disclose the risks of outages and the occurrences of past outages.  Defendants' failure to comply with required disclosures to consumers constituted false and misleading advertising, as alleged herein.

83.     Defendants' unfair, fraudulent, and unlawful business practices directly and proximately caused damage to Plaintiff and the Class members.

84.     Pursuant to Section 17203, Plaintiff seeks an order: (a) requiring defendants to cease the deceptive and unfair business practices alleged herein; (b) requiring defendants to restore to Plaintiff and the Class members any money acquired by means of the deceptive and unfair business practices (restitution); and (c) awarding reasonable costs and attorneys' fees pursuant to Section 1021.5 of the California Civil Code.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all members of the Class, respectfully requests that the Court enter judgment in favor of them and against Robinhood:

A.     certifying this action as a class action pursuant to Section 382 of the California Code of Civil Procedure and all other applicable rules, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;

B.     declaring that Robinhood's conduct alleged in this complaint is unfair, unlawful, and fraudulent in violation of the CLRA and the UCL, and that Robinhood is liable for negligence, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment;

1       C.     enjoining Robinhood from engaging in the negligent, unfair, unlawful, and

2 fraudulent business practices alleged in this complaint;

3       D.     awarding Plaintiff and other Class members actual, compensatory,

4 consequential, punitive, and treble damages to the extent permitted by law;

5       E.     ordering Robinhood to disgorge all benefits and profits unjustly retained

6 through its misconduct alleged in this complaint;

7       F.     awarding Plaintiff and other Class members pre-judgment and post-

8 judgment interest;

9       G.     awarding Plaintiff and other Class members reasonable attorneys' fees and

10 costs, including expert witness fees; and

11       H.     granting such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:  April 16, 2020

Respectfully submitted,

BOTTINI & BOTTINI, INC.
Francis A. Bottini, Jr. (SBN 175783)
Albert Y. Chang (SBN 296065)
Yury A. Kolesnikov (SBN 271173)

s/ Francis A. Bottini, Jr.
Francis A. Bottini, Jr.
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:  (858) 914-2001
Facsimile:   (858) 914-2002
fbottini@bottinilaw.com
achang@bottinilaw.com
ykolesnikov@bottinilaw.com

*Attorneys for Plaintiff and the Class*

- 18 -
Class Action Complaint

| Attorney or Party without Attorney (Name/Address):<br>Francis A. Bottini, Jr.  (SBN: 175783)<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California  92037<br>Telephone: (858) 914-2001<br>Attorney for Plaintiff | FOR COURT USE ONLY<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   **4/20/2020**<br>By   **/s/ Mia Marlowe**<br>**Deputy Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA  94063 | |
| Plaintiff<br>Stanley Withouski | |
| Defendants<br>Robinhood Financial LLC, et al. | |
| **Certificate Re Complex Case Designation** | Case Number<br>20-CIV-01730 |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.    In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

      ☒ Box 1 – Case type that is best described as being provisionally complex civil litigation (*i.e.*, antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

      ☒ Box 2 – Complex due to factors requiring exceptional judicial management

      ☒ Box 5 – Is a class action suit.

2.    This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) complexity of anticipated factual and/or legal issues; (2) numerous pretrial motions  that will be time-consuming to resolve; (3) management of a large number of witnesses or  a substantial amount of documentary evidence; (4) coordination with

                      

related actions pending in one or more courts in other counties, states or countries or in a federal court; and (5) whether or not certification of a putative class action will in fact be pursued:

This case is complex because the legal and factual issues are complex, and it is expected that there will be many pretrial motions which will be time consuming; and, there are likely a large number of witnesses and substantial amount of documentary evidence. This case is a class action involving numerous class members.

*(attach additional pages if necessary)*

3.     Based on the above-stated supporting information, there is a reasonable basis for the complex case designation or counter-designation [or noncomplex case counter-designation] being made in the attached Civil Case Cover Sheet.

\*\*\*\*\*

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct and that I make this certification subject to the applicable provisions of California Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:   April 16, 2020

Francis A. Bottini, Jr.                                 s/ Francis A. Bottini, Jr.
[Type or Print Name]                                 [Signature of Party or Attorney for Party]

Print Form



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(H)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(H)(3)*].

### Post-ADR Session Evaluations
*Local Rule 2.3(H)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at **(650) 261-5075 or (650) 261-5076.**

Form ADR-CV-1 [Rev. May 2019]

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(H)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):
○ Voluntary Mediation                          ○ Binding Arbitration (private)
○ Neutral Evaluation                           ○ Settlement Conference (private)
○ **Non-Binding Judicial Arbitration CCP 1141.12**  ○ Summary Jury Trial   ○ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____
                                                      Original Signatures

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant        Attorney or Party without attorney

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant        Attorney or Party without attorney

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant        Attorney or Party without attorney

_____          _____
Type or print name of ☐ Party without attorney ☐ Attorney for                    (Signature)
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant        Attorney or Party without attorney

**IT IS SO ORDERED:**

Date:                                    _____
                                         Judge of the Superior Court of San Mateo County

Form ADR-CV-1 [Rev. May 2019]

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

### SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.   Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes.  All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**.  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.**  ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation.  Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation.   The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award.  Arbitration awards may be entered as

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes.  Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations.   The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

**CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT**

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk.  Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here.  Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint.  An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC.  ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days.  If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
### PART 1.  MANAGEMENT DUTIES

Rule 2.2   Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953,.

(a)    Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)    To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)    To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)    To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)    In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)    Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint:  Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint:  Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint)  not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings:  Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service.  The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered.  If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered.  The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service:  Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)     Time to serve may be extended for good cause:  Upon ex parte application to the court, in compliance with California Rules of Court 3.1200 –3.1206, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a

Superior Court of California, County of San Mateo

date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause. Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)     Case management conference

(1)     Date of conference. Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel. Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

Superior Court of California, County of San Mateo

(7)    Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

    (A)    An order referring the case to arbitration, mediation or other dispute resolution process;

    (B)    An order transferring the case to the limited jurisdiction of the superior court;

    (C)    An order assigning a trial date;

    (D)    An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

    (E)    An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

    (F)    An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

    (G)    An order scheduling the exchange of expert witness information;

    (H)    An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

    (I)    Other orders to achieve the interests of justice and the timely disposition of the case.

(8)    CourtCall Telephonic Appearances

    (A)    Reference CRC, Rule 3.670

    (B)    Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

    (C)    On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

    (D)    At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically

Superior Court of California, County of San Mateo

      appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)    Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)    Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement.  Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)    Stipulations to Arbitration

(1)    If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)    It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

    Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."*  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)].  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)    Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court.  The Stipulation must state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)    Stipulations to Private ADR

Superior Court of California, County of San Mateo

(1)     If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)     If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)     Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session.  The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)     All parties and counsel shall participate in the ADR process in good faith.

(5)     To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)     ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first.  In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator.  (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)     In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)     Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)     Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)     Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Superior Court of California, County of San Mateo

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)   Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)   A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)   An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)   An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)   An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

Rule 2.4  Settlement Conference

Reference: California Rule of Court, rule 3.138.

(a)   At all settlement conferences, notwithstanding any other Rule:

(1)   The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(2)   Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                           FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE (Amount demanded (Amount demanded is $25,000 exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:           Div.:                Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*
       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
       (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐ (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. (If more than one party, provide the name of each party requesting a jury trial):

6. **Trial date**
   a. ☐ The trial has been set for (date):
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

   c. Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7. **Estimated length of trial**
   The party or parties estimate that the trial will take (check one):
   a. ☐ days (specify number):
   b. ☐ hours (short causes) (specify):

8. **Trial representation** (to be answered for each party)
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   ☐ Additional representation is described in Attachment 8.
   f. Fax number:
   g. Party represented:

9. **Preference**
   ☐ This case is entitled to preference (specify code section):

10. **Alternative dispute resolution (ADR)**
    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. Referral to judicial arbitration or civil action mediation (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
 a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
 b. Reservation of rights: ☐ Yes ☐ No
 c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
 Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
 ☐ Bankruptcy ☐ Other *(specify):*
 Status:

**13. Related cases, consolidation, and coordination**
 a. ☐ There are companion, underlying, or related cases.
  (1) Name of case:
  (2) Name of court:
  (3) Case number:
  (4) Status:
  ☐ Additional cases are described in Attachment 13a.
 b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
 ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
 ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

 c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**CM-110**

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ | ▶ _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached. |

# FREQUENTLY ASKED QUESTIONS
## FOR ATTORNEYS AND PARTIES

## Nonrefundable Jury Fee
### (Assem. Bill 1431 (2011-2012 Reg. Sess.))
### Effective September 17, 2012

| 1.1 | Q. What is the nonrefundable jury fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) ).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
|---|---|---|
| 1.2 | Q: What are the deadlines for paying the nonrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows:<br><br>1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.<br><br>2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.<br><br>3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.<br><br>4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 365 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).) |

| 1.3 | **Q:** What if a party misses the deadline to pay the nonrefundable jury fee? | **A:** Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).)<br><br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
| --- | --- | --- |
| 1.4 | **Q:** What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012? | **A:** If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |
| 1.5 | **Q:** May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | **A:** There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.])<br><br>Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| 1.6 | **Q:** Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | **A:** No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| 1.7 | **Q:** May the nonrefundable jury fee be waived because of a party's financial condition? | **A:** Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |

| 1.8 | Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
|---|---|---|
| 1.9 | Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No. Code of Civil Procedure 631(b) requires "*at least* one party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.) In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| 1.10 | Q: Are any jury fees refundable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |
| | | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783)<br>Albert Y. Chang (SBN 296065)<br>7817 Ivanhoe Ave, Suite 102, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 914-2001    FAX NO.: (858) 914-2002<br>ATTORNEY FOR *(Name)*: Plaintiff Stanley Withouski | **Electronically FILED**<br>by Superior Court of California, County of San Mateo<br>ON 4/20/2020<br>By ___/s/ Mia Marlowe___<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center, Fourth Floor
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California 94063-1655
BRANCH NAME: Hall of Justice and Records

CASE NAME:
Stanley Withouski v. Robinhood Financial LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 20-CIV-01730 |
|---|---|---|---|---|
| ✓ **Unlimited**<br>(Amount demanded exceeds $25,000) | **Limited**<br>(Amount demanded is $25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ✓ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ✓ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

- a. ☐ Large number of separately represented parties
- b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. ✓ Substantial amount of documentary evidence
- d. ✓ Large number of witnesses
- e. ✓ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
**4.** Number of causes of action *(specify)*: 8
**5.** This case ✓ is ☐ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16, 2020

Francis A. Bottini, Jr.
_____
(TYPE OR PRINT NAME)

▶  s/ Francis A. Bottini, Jr.
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in Item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

C. Brandon Wisoff (State Bar No. 121930)
bwisoff@fbm.com
Eric Monek Anderson (State Bar No. 320934)
emonekanderson@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Maeve O'Connor (*pro hac vice* application forthcoming)
mloconnor@debevoise.com
Elliot Greenfield (*pro hac vice* application forthcoming)
egreenfield@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 909-6836

Attorneys for Defendants ROBINHOOD
FINANCIAL LLC; ROBINHOOD MARKETS,
INC.; ROBINHOOD SECURITIES, LLC

Electronically
**RECEIVED**

5/8/2020

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

COMPLEX CIVIL LITIGATION

| | |
|---|---|
| STANLEY WITHOUSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROBINHOOD FINANCIAL LLC; ROBINHOOD MARKETS, INC.; ROBINHOOD SECURITIES, LLC; and Does 1 through 20, inclusive,<br><br>Defendants. | Case No. 20-CIV-01730<br><br>**STIPULATION TO EXTEND DEADLINE FOR DEFENDANTS  TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:    April 20, 2020<br>Trial Date:       N/A |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

1                                           38567\13305250.1
STIPULATION AND [PROPOSED] ORDER TO EXTEND DEADLINE FOR DEFS. TO RESPOND –
Case No. 20-CIV-01730

1    WHEREAS, on April 20, 2020, Plaintiff Stanley Withouski filed his complaint in the

2    instant action;

3    WHEREAS, on April 28, 2020, Plaintiff served his complaint on Defendants Robinhood

4    Financial LLC, Robinhood Markets, Inc., and Robinhood Securities, LLC ("Defendants");

5    WHEREAS, pursuant to California Code of Civil Procedure § 410.20(a)(3), Defendants'

6    deadline to respond to the complaint is currently May 28, 2020;

7    WHEREAS, Defendants have filed a motion to strike under California Code of Civil

8    Procedure § 170.6 and the parties have not yet been assigned a new judge;

9    WHEREAS, San Mateo Superior Court is currently closed until at least May 21, 2020;

10    WHEREAS, Defendants anticipate filing a motion to stay this action pending the

11    resolution of eleven class actions currently pending in federal court that arise from the same series

12    of transactions or events; and

13    WHEREAS, Plaintiff intends to oppose Defendants' motion to stay on multiple grounds,

14    including the fact that he brings this action on behalf of a California-only class, as opposed to the

15    nationwide class alleged in the federal actions.

16    NOW, THEREFORE, the parties, by and through their counsel, stipulate that:

17    Defendants' deadline to respond to the merits of Plaintiff's complaint, whether by

18    demurrer or answer, shall be extended to and including June 29, 2020.  This stipulation does not

19    waive any right to agree to or request further extensions.

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

2                                                              38567\13305250.1
STIPULATION AND [PROPOSED] ORDER TO EXTEND DEADLINE FOR DEFS. TO RESPOND
- Case No. 20-CIV-01730

1 **SO STIPULATED.**

2 Dated: May 7, 2020                    FARELLA BRAUN + MARTEL LLP

3

4                                       By: _C. Brandon Wiloff_____
                                            C. Brandon Wisoff
5
                                        Attorneys for Defendants
6                                       ROBINHOOD MARKETS, INC.,
                                        ROBINHOOD FINANCIAL LLC, and
7                                       ROBINHOOD SECURITIES, LLC

8

9

10 Dated: May 7, 2020                   BOTTINI & BOTTINI INC.

11

12                                      By: _Albert Y. Chang_____
                                            Albert Y. Chang
13

14                                      Attorneys for Plaintiff STANLEY WITHOUSKI

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3                                                          38567\13305250.1

STIPULATION AND [PROPOSED] ORDER TO EXTEND DEADLINE FOR DEFS. TO RESPOND
- Case No. 20-CIV-01730

1

**[PROPOSED] ORDER**

2      The Court, having considered the parties' submissions, hereby GRANTS the parties'

3   stipulation to extend Defendants' time to respond to the complaint.

4      IT IS HEREBY ORDERED that Defendants' new deadline to respond to Plaintiff's

5   complaint, whether by demurrer or answer, shall be June 29, 2020.  This order is without prejudice

6   to either party's right to agree to or request future extensions.

7

8   Dated: _____                    _____

9                                        Judge of the Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
(415) 954-4400

38567\13305250.1

STIPULATION AND [PROPOSED] ORDER TO EXTEND DEADLINE FOR DEFS. TO RESPOND
- Case No. 20-CIV-01730

**PROOF OF SERVICE**

**Stanley Withouski v. Robinhood Financial LLC, et al.**
**20-CIV-01730**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 235 Montgomery Street, 17th Floor, San Francisco, CA 94104.

On May _8, 2020, I served true copies of the following document(s) described as **STIPULATION TO EXTEND DEADLINE FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**SERVICE LIST**

Francis A. Bottini, Jr.
Albert Y. Chang
Yury A. Kolesnikov
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: (858) 914-2001
Fax: (8580 914-2002
Email: fbottini@bottinilaw.com
          achang@bottinilaw.com
          ykolesnikov@bottini.com

*Attorneys for Plaintiff Stanley Withouski*

**BY FEDEX:**  I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 8, 2020, at San Francisco, California.

_____
Danielle M. Silva

1

2    20—CIV—01730
     170.6
3    Peremptory Challenge Pursuant to CCP 170.6 A
     2319582

4

5

**FILED**
**SAN MATEO COUNTY**

MAY 1 8 2020

Clerk of the Superior Court
By _____
         DEPUTY CLERK

6        **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7            **IN AND FOR THE COUNTY OF SAN MATEO**

8

9   STANLEY WITHOUSKI, Individually and on      )    Case No. 20CIV01730
                                                )
10  Behalf of All Others Similarly Situated,    )
                                                )
11            Plaintiffs,                        )
                                                )
12  vs.                                          )          **ORDER**
                                                )
13  ROBINHOOD FINANCIAL, LLC, et al.            )     **CCP section 170.6**
                                                )
14            Defendants.                        )
                                                )
15                                               )
                                                )
16                                               )

17      The Court GRANTS Defenant's Code of Civil Procedure section 170.6 challenge to

18  Judge Marie S. Weiner.  The case is reassigned for all purposes to Department 22, Judge Danny

19  Y. Chou.  The parties are directed to contact Judge Chou's Department at 650-261-5122 to

20  schedule a Case Management Conference.

21

22  Dated:  May 13, 2020.

23                                          _____

24                                          JONATHAN E. KARESH
                                                Presiding Judge
25

26

27

28

                                            1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 235 Montgomery Street, 17th Floor, San Francisco, CA 94104.

On May 27 2020, I served true copies of the following document(s) described as

**CIVIL COVER SHEET**

**NOTICE OF REMOVAL**

on the interested parties in this action as follows:

Francis A. Bottini, Jr.
Albert Y Chang
Yury A. Kolesnikov
Bottini & Bottini, Inc.
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA   92037
Telephone:  (858) 914-2001
Facsimile:  (858) 914-2002

**BY OVERNIGHT DELIVERY:**  I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 27, 2020, at San Francisco, California.

_____
Stephen J. Miller

Farella Braun +
Martel LLP

PROOF OF SERVICE